# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **G.N. & T.N.**

**No. 15-0682** (Taylor County 14-JA-4 & 14-JA-5)

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father C.N., by counsel Mary S. Nelson, appeals the Circuit Court of Taylor County's June 15, 2015, order terminating his parental rights to G.N. and T.N. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem, Chaelyn W. Casteel, filed a response on behalf of the children and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period and in terminating his parental rights without considering less-restrictive dispositional alternatives.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition against the parents. The petition alleged that the parents manufactured and used methamphetamine in the home for approximately two months while the children resided therein before abandoning the children for approximately one month. The children lived with relatives during the latter period. The DHHR further alleged that the parents' home was unsuitable for the children, as it had not been remediated following the methamphetamine production, and because petitioner broke most of the windows in the home. The DHHR was granted emergency custody of the children.

Shortly after the DHHR obtained emergency custody of the children, the parents unlawfully obtained custody of their children from their placements. As a result, the Taylor County Sheriff's Department filed complaints against petitioner and the mother alleging the felony charge of parental kidnapping. The children were recovered on February 25, 2014, when

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

their paternal grandmother was found with the children in Tennessee. The DHHR regained custody of the children and placed them in a specialized foster home.

In April of 2014, the circuit court held an adjudicatory hearing, during which petitioner stipulated to some of the allegations of abuse and neglect in the petition. Specifically, petitioner stipulated to a number of facts concerning his severe drug use, including the fact he used illegal drugs since the age of twelve; that he manufactured and used methamphetamine for over a year; and that because of his drug use, he regularly went without sleep for two to five days. Based on his testimony, the circuit court also found that petitioner's mental health issues caused him to try to injure himself on at least five occasions, including pouring acid on his arms, slitting his wrists, and attempting to hang himself. As such, the circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, but the circuit court held the motion in abeyance.

In July of 2014, the circuit court held a dispositional hearing, during which the DHHR recommended termination of petitioner's parental rights. The circuit court then heard argument in support of petitioner's motion for an improvement period. According to counsel, petitioner was waitlisted for an inpatient substance abuse treatment facility, and counsel requested that the circuit court defer ruling on the motion until petitioner was placed in the facility. The circuit court agreed and again held the motion in abeyance. In September of 2014, the circuit court held a review hearing and was informed that, although he was incarcerated, petitioner obtained an intake appointment at a treatment facility. However, during a December of 2014 review hearing, the circuit court learned that petitioner escaped from the treatment facility after being transported from the regional jail.

In March of 2015, the circuit court held a review hearing, during which it found that petitioner had recently been sentenced to two concurrent terms of incarceration of two to ten years for unrelated criminal convictions. As such, the circuit court found that petitioner was unlikely to comply with the terms of an improvement period and denied his motion. Thereafter, the circuit court held a dispositional hearing in May of 2015. During the hearing, petitioner attempted to voluntarily relinquish his parental rights to the children, but the circuit court denied the request. Ultimately, the circuit court terminated petitioner's parental rights upon his continued deterioration during the pendency of this case, citing his numerous violations of rules while incarcerated. These violations, coupled with his earlier crime of taking the children from their lawful custodians and his lengthy prison sentence, established that petitioner was unable to remedy the conditions of abuse and neglect. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period or in terminating his parental rights.

First, the court finds no merit to petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." While petitioner argues that he satisfied this burden by fully admitting to his substance abuse issues and completing a substance abuse treatment program, the Court does not agree. Petitioner's argument on appeal ignores the numerous problems he exhibited during the proceedings below and the continued deterioration in the conditions of abuse and neglect in the home.

Specifically, the record is clear that petitioner failed to comply with several rules and orders during these proceedings. Initially, petitioner unlawfully took the children from the DHHR's emergency custody and arranged for their transportation to the State of Tennessee, resulting in criminal charges against petitioner for parental kidnapping. Further, upon learning of an emergency hospitalization of one of his children, petitioner escaped from the inpatient substance abuse treatment facility that he was released from incarceration to attend, resulting in a capias being issued against him. Lastly, the circuit court found that petitioner "violated numerous rules while . . . incarcerated at the Tygart Valley Regional Jail." Based upon this evidence, and also the fact that petitioner was sentenced to a lengthy term of incarceration during the proceedings below, the circuit court found that petitioner was unlikely to fully participate in an improvement period, and the Court finds no error in this determination. Further, the Court finds petitioner's argument as to the mother receiving an improvement period lacking. Simply put, the fact that the circuit court found that the children's mother satisfied the applicable burden of proof does not mean petitioner was entitled to an improvement period.

As to petitioner's argument that the circuit court erred in terminating his parental rights without considering less-restrictive alternatives, the Court finds no error. As addressed above, the evidence established that petitioner failed to comply with specific directions from the circuit court during the proceedings, going so far as to illegally transfer custody of his children from the DHHR and secure their transportation to another state. And while it may be true that petitioner completed substance abuse treatment, the record clearly shows that he escaped from that facility upon learning that his child was hospitalized, resulting in a capias being issued for him.

Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has]

not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."[2] Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner's addiction and mental health issues persisted throughout these proceedings, as evidenced by his failure to comply with specific directions and rules regarding his incarceration, his completion of substance abuse treatment notwithstanding. The circuit court also found that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights instead of imposing a less-restrictive dispositional alternative.

Moreover, the Court finds no error in regard to petitioner's allegation that child T.N.'s middle initial was reflected inaccurately throughout these proceedings. Petitioner alleges that because the child's correct middle initial was not included below, that the Court should reverse the dispositional order. We do not agree. While it may be true that the child's middle initial was incorrectly listed in the style of the proceedings below, it is uncontested that petitioner has only two children, both male, and that the circuit court terminated his parental rights to those children. As such, it is clear, absent a correct middle initial, that the circuit court terminated petitioner's parental rights to his two sons. We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

---

[2]Because the dispositional hearing in this matter took place on May 20, 2015, the day the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Our review of the record shows that the error of which petitioner complains is not of such significance that it warrants a reversal of the resulting order.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 15, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II